George SPIEGEL, Plaintiff,

v.

PUBLIC UTILITIES COMMISSION OF THE DISTRICT OF COLUMBIA

and

D. C. Transit System, Inc., Defendants.

Civ. A. No. 2923–56.

United States District Court District of Columbia.

Oct. 31, 1956.

George Spiegel, pro se.

Vernon E. West, Corp. Counsel, and Lloyd B. Harrison and J. Hampton Baumgartner, Jr., Asst. Corp. Counsel, Washington, D. C., for defendant Public Utilities Commission.

F. Gloyd Awalt, W. V. T. Justis and F. Keith Kelly, Washington, D. C., for defendant D. C. Transit System, Inc.

MORRIS, District Judge.

Defendant Public Utilities Commission's Order No. 4052, issued January 20, 1954, authorizing an increase in transit fares to be paid Capital Transit Company (formerly a defendant in this suit, but which has been substituted by the present defendant D. C. Transit System, Inc., successor of the former defendant, by order dated October 12, 1956) was appealed to this Court, which on October 19, 1954, affirmed said order, Allied Civic Group, Inc., v. Public Utilities Commission, D.C., 125 F.Supp. 453. Upon appeal the United States Court of Appeals for the District of Columbia, in an opinion dated July 8, 1955, Spiegel v. Public Utilities Commission, 96 U.S.App.D.C. 307, 226 F.2d 29, 32, stated:

" * * * it [Commission] arrived at a rate base * * * representing

the company's original property investment, as weighted and adjusted by the Commission. And the Commission's reasons for using the original cost rate base do not clearly appear from its opinion and order. This gives us our present concern, not because we mean to intimate which base should predicate Commission action, but because we cannot properly exercise our appellate function unless the Commission states the reasons for the course it decided to follow. The fact, of course, that the original cost rate base had been used on previous occasions is not a sufficient reason, without more, for continuing its use. * * * "

and reversed the judgment of this Court, "with directions to remand the case to the Commission for such further action on its part as may be consistent with this opinion", permitting, in the discretion of the District Court, the Commission's order to remain in effect pending such further action. Such remand by the District Court was ordered on January 10, 1956. On August 10, 1956, the Commission certified to this Court its Supplementary Findings on Remand of Formal Case No. 424, dated August 8, 1956, in substitution of Supplementary Findings and Opinion Accompanying Order No. 4052, dated May 18, 1956, and certified to this Court on August 1, 1956.

Plaintiff brings this appeal on his behalf and that of other riders of the public vehicles in the District of Columbia from Order No. 4052, as amended by the supplementary findings of the Commission. The matter is before the Court upon motion of the plaintiff and motions of each of the defendants for summary judgment.

The question confronting this Court is whether the Commission has set forth in its supplementary findings reasons which justify its use of an original cost rate base in fixing the transit fares in question. After a careful consideration of the original order, the supplementary findings, points and authorities and argument of counsel for all the parties, I am of the opinion that the reasons set forth by the Commission in its supplementary findings, namely:

1. The historical use of the original cost rate base by the Commission. (Supplementary Findings, p. 2–4.)

2. The original cost rate base is a realistic method based upon known facts affording an equitable basis for balancing the interests of the riding public and the investors. (Supplementary Findings, p. 4–5.)

3. Neither the local nor general economic conditions, nor the economic value of the Company's property, had changed to such an extent as to warrant the adoption of any other method than that of the original cost rate base, and the fares produced under this method were reasonable as compared with the fares maintained in other comparable cities. (Supplementary Findings, p. 6.)

4. The Commission considered the use of the original cost rate base reasonable and equitable after comparing the results it would produce with the results of an operating ratio method. (Supplementary Findings, p. 8–9.)

5. The result reached by the Commission in its original opinion and Order 4052, and the rates prescribed by such order, were just and reasonable to the rate-payers and the transit company. (Supplementary Findings, p. 10.)

show that the Commission did balance the interests of the investors with those of the riding public, and adequately justify its use of the rate base which it adopted. The Commission's Order 4052, as amended by supplementary findings, will, therefore, be affirmed.

Counsel will prepare an order carrying this decision into effect.